**David Floyd HOUSTON,**
**Plaintiff–Appellant,**

v.

**Michael SWANAGIN; Don Shepard,**
**Defendants–Appellees.**

**No. 01–5560.**

United States Court of Appeals,
Sixth Circuit.

Nov. 15, 2002.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

*ORDER*

David Floyd Houston, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights case filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In a complaint filed on November 18, 1996, Houston sued two prison employees (Swanagin and Shepard) in their individual capacities for monetary damages. Hous-

ton asserted that: 1) the defendants violated his right of access to the courts by seizing blank subpoenas that he needed to use in preparation for a change of venue hearing in a criminal matter; 2) the seizure violated his due process right to be heard because the hearing had to be rescheduled; and 3) the seizure interfered with his Sixth Amendment right to proceed pro se at the hearing. Houston also asserted supplemental state law claims. The defendants moved for summary judgment, and a magistrate judge recommended denying the motion as to the first claim and granting it as to the remaining claims. Upon de novo review and in light of the parties' objections, the district court rejected the magistrate judge's recommendation as to the first claim, accepted the recommendation as to the other claims, and granted summary judgment to the defendants. The district court determined that the first claim lacked merit under *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), and *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), as Houston had shown no actual injury from the defendants' actions. The district court found that the second claim was subsumed within the first and that Houston had waived consideration of the third claim by failing to include it in his objections to the magistrate judge's report.

On appeal, this court vacated the district court's judgment and remanded the action for dismissal without prejudice, after concluding that Houston had failed to demonstrate exhaustion of his administrative remedies as required by 42 U.S.C. § 1997e(a). *Houston v. Swanagin*, No. 99–6130, 2000 WL 1277207, 229 F.3d 1152 (6th Cir. Aug.30, 2000) (unpublished), *cert. denied*, 532 U.S. 1067, 121 S.Ct. 2220, 150 L.Ed.2d 212 (2001). Houston moved to vacate the district court's order of dismissal and for leave to file an attached complaint. The district court granted leave,

determined that Houston had exhausted his administrative remedies, and dismissed the complaint for the same reasons as before.

Houston has filed a timely appeal, incorporating the brief he filed in No. 99–6130. He reasserts only the first two claims and concedes that the defendants' actions had no effect on the outcome of his criminal case. He argues that the district court misconstrued his claims as he was not asserting a right of meaningful access to the courts, but rather a right of "ordinary access," and that he did not assert a violation of substantive due process, but rather a violation of his procedural due process right to seek a change of venue.

After de novo review, we conclude that Houston is not entitled to relief. He concedes in his appellate brief that he does not contend that the actions he complains of affected the ultimate outcome of his criminal case, and our review of the record supports this concession. Hence, we conclude that Houston has in fact failed to state a claim for any right of access to the courts, or for a violation of due process, the claims he raises in his appellate brief. If Houston has any claim, it would appear to be for harassment, which he never raised in the district court, or for interference with his right to act as his own counsel, which he has not raised in this appeal.

Houston's remaining arguments on appeal are frivolous and will not be addressed.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.